# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 17-31646** |
| **MONTCO OFFSHORE, INC.,** | § | |
| | § | **Chapter 11** |
| Debtor. | § | |
| | § | |
| **Tax I.D. No. 72-0911448** | § | |
| | § | |
| **In re:** | § | **Case No. 17-31647** |
| | § | |
| **MONTCO OILFIELD CONTRACTORS, LLC,** | § | **Chapter 11** |
| | § | |
| Debtor. | § | |
| | § | |
| **Tax I.D. No. 45-4279886** | § | |

## EMERGENCY MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE IN THE UNITED STATES WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

The above-captioned debtors (each a "Debtor" and collectively, the "Debtors") file this *Emergency Motion for Entry of an Order Directing Joint Administration of the Debtors' Chapter 11 Cases* (the "Motion"). In support of this Motion, the Debtors incorporate the statements contained in the *Declaration of Derek C. Boudreaux in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration")[1] and respectfully submit the following:

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), rules 1015(b) and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 1015-1 and 9013-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Local Rules").

### EMERGENCY CONSIDERATION

4. The Debtors request emergency consideration of this Motion. The Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and the success of these chapter 11 cases. As discussed in detail below and in the First Day Declaration (as defined above), any delay in granting the relief requested could hinder the Debtors' operations and cause immediate and irreparable harm. As such, the Debtors believe that emergency consideration is necessary and request that this Motion be heard at the Debtors' first day hearings.

---

[1] Capitalized terms used but not otherwise defined herein are used as defined in the First Day Declaration.

**BACKGROUND**

5. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, no request for the appointment of a trustee or examiner has been made and no official committee of unsecured creditors has been appointed in these chapter 11 cases.

6. Additional information regarding the Debtors and these chapter 11 cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these chapter 11 cases, is set forth in the First Day Declaration.

**RELIEF REQUESTED**

7. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), consolidating the administration of these chapter 11 cases for procedural purposes only as follows:

   a. the Office of the United States Trustee for the Southern District of Texas ("U.S. Trustee") shall conduct joint informal meetings with the Debtors, as required, and a joint first meeting of creditors;

   b. one plan and disclosure statement may be filed for all of the Debtors by any plan proponent; however, substantive consolidation of the Debtors' estates is not being requested at this time;

   c. unless otherwise required by the Court, each Debtor will file separate schedules of assets and liabilities and statements of financial affairs, and, as applicable, lists of equity security holders;

   d. proofs of claim filed by creditors of any Debtor shall reflect the caption and case number of the Debtor to which the claim relates and in which chapter 11 case such claim is to be filed; and

   e. a separate claims register shall be maintained for each Debtor.

8. The Debtors also seek authority to file their monthly operating reports required by the U.S. Trustee by consolidating the information required for each debtor in one report that tracks and breaks out all of the specific information (*e.g.* receipts, disbursements, etc.) on a debtor-by-debtor basis in each monthly operating report.

9. The Debtors request that the Court maintain one file and one docket for all of the jointly administered cases under the case of Montco Offshore, Inc. and that the Court administer these chapter 11 cases under a consolidated caption as reflected on **Exhibit 1** to the Proposed Order.

10. The Debtors also request that a notation substantially similar to the following be entered on each of the Debtors' respective dockets to reflect the joint administration of these chapter 11 cases:

> An order has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing the joint administration of the chapter 11 cases of Montco Offshore, Inc. and Montco Oilfield Contractors, LLC.  The docket in Case No. 17-31646 should be consulted for all matters affecting the case.  **All further pleadings and other papers shall be filed in and all further docket entries shall be made in the chapter 11 case of Montco Offshore, Inc., Case No. 17-31646**.

11. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

### BASIS FOR RELIEF

12. Bankruptcy Rule 1015(b) provides for the joint administration of cases involving a debtor and its affiliates that are pending before the same court. FED. R. BANKR. P. 1015(b). An "affiliate" is an "entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ." 11 U.S.C. 101(2).

Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein. Bankruptcy Local Rule 1015-1 further provides for the joint administration of related chapter 11 cases.

13. The Debtors anticipate that notices, applications, motions, other pleadings, hearings, and orders in these chapter 11 cases may affect all of the Debtors. If each Debtor's case were administered independently, there would be a number of duplicative pleadings and overlapping service. This unnecessary duplication of identical documents would be wasteful of the resources of the Debtors' estates, as well as the resources of this Court and of other parties in interest.

14. Joint administration will permit the Clerk of the Court to use a single general docket for each of the Debtors' chapter 11 cases and to combine notices to creditors and other parties in interest by ensuring that all parties in interest will be able to review one docket to stay apprised of the various matters before the Court regarding the Debtors' chapter 11 cases. Moreover, supervision of the administrative aspects of the Debtors' chapter 11 cases by the U.S. Trustee will be simplified. Therefore, joint administration will promote the economical and efficient administration of the Debtors' estates to the benefit of the Debtors, their creditors, the U.S. Trustee, and the Court.

15. Joint administration will not give rise to any conflict of interest among the Debtors' estates. The rights of the Debtors' respective creditors will not be adversely affected by the proposed joint administration because the Debtors will continue as separate and distinct legal entities, will continue to maintain separate books and records and will provide information as required in the consolidated monthly operating reports on a debtor-by-debtor basis. Each creditor will be required to file a proof of claim against the applicable estate in which it allegedly

has a claim or interest and will retain whatever claims or interests it has against the particular estate. The recoveries of all creditors will be enhanced by the reduction in costs resulting from joint administration of the Debtors' chapter 11 cases. The Court will also be relieved of the burden of scheduling duplicative hearings, entering duplicative orders, and maintaining redundant files.

16. No administrative or scheduling orders previously entered in these chapter 11 cases will require modification if this Motion is granted. Mailing lists in each of these chapter 11 cases will be consolidated for future noticing requirements.

## NOTICE

17. Notice of this Motion has been provided by delivery to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) each of the Debtors' twenty largest unsecured creditors; (c) those persons who have formally appeared in these chapter 11 cases and requested service pursuant to Bankruptcy Rule 2002; (d) the Internal Revenue Service; (e) counsel to the Prepetition Agent and the Prepetition Lenders; (f) the Bank; and (g) all other applicable government agencies to the extent required by the Bankruptcy Rules or the Local Rules. In light of the nature of the relief requested in this Motion, the Debtors submit that no further notice is necessary.

## NO PRIOR REQUEST

18. No prior motion for the relief requested herein has been made to this or any other Court.

## CONCLUSION

The Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, and grant such other and further relief to which the Debtors may be justly entitled.

| | |
|---|---|
| Dated:  March 17, 2017<br>Houston, Texas | **DLA PIPER LLP (US)**<br><br>By: */s/ Vincent P. Slusher*<br>Vincent P. Slusher (State Bar No. 00785480)<br>DLA Piper LLP (US)<br>1717 Main Street, Suite 4600<br>Dallas, Texas 75201-4629<br>Telephone: (214) 743-4500<br>Facsimile: (214) 743-4545<br>vince.slusher@dlapiper.com<br><br>-and-<br><br>David E. Avraham (*pro hac vice* pending)<br>Adam C. Lanza (*pro hac vice* pending)<br>DLA Piper LLP (US)<br>444 W. Lake Street, Suite 900<br>Chicago, Illinois 60606-0089<br>Telephone: (312) 368-4000<br>Facsimile: (312) 236-7516<br>david.avraham@dlapiper.com<br>adam.lanza@dlapiper.com<br><br>*Proposed Counsel for the Debtors and Debtors in Possession* |

## **CERTIFICATE OF SERVICE**

I certify that on March 17, 2017, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Vincent P. Slusher*
Vincent P. Slusher
