IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MONTCO OFFSHORE, INC. *et al.*,[1] | § | CASE NO. 17-31646 (MI) |
| | § | |
| Debtors. | § | CHAPTER 11 |
| | § | |

**OCEANEERING INTERNATIONAL, INC.'S EMERGENCY MOTION FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. § 1121(d) TERMINATING DEBTORS' EXCLUSIVE PERIOD TO FILE CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

> THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.
>
> EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE. A HEARING WILL BE HELD ON THIS MATTER ON NOVEMBER 29, 2017 AT 2:00 P.M. (CT) BEFORE THE HONORABLE MARVIN ISGUR, 515 RUSK STREET, COURTROOM 404, HOUSTON, TEXAS 77002
>
> REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Oceaneering International, Inc. ("Oceaneering"), acting through its undersigned counsel, submits this motion (the "Motion") for entry of an order pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code") terminating the exclusive periods during which

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Montco Offshore, Inc. (1448) and Montco Oilfield Contractors, LLC (9886). The mailing address for the Debtors, solely for the purposes of notices and communications, is 17751 Hwy 3235, Galliano, Louisiana 70354.

the above-captioned debtors and debtors in possessions (the "Debtors") may file a chapter , and respectfully states as follows:

## BACKGROUND

1. On March 17, 2017 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On July 7, 2017, the Debtors filed their *Emergency Motion for Entry of an Order Extending Exclusivity Periods Pursuant to Bankruptcy Code 1121* [Docket No. 313] (the "First Exclusivity Motion"), seeking an extension for the period during which the Debtors have the exclusive right to (a) file a chapter 11 plan (the "Filing Exclusivity Period") through and including September 13, 2017, and (b) solicit a plan filed (the "Solicitation Exclusivity Period") through and including November 13, 2017.

3. On July 17, 2017, the Court entered an order granting the First Exclusivity Motion [Docket No. 329].

4. On August 22, 2017, the Debtors filed their second *Motion for Entry of an Order Extending Exclusivity Periods Pursuant to Bankruptcy Code 1121* [Docket No. 411] (the "Second Exclusivity Motion"), seeking to extend the Filing Exclusivity Period through and including October 13, 2017, and seeking to extend the Solicitation Exclusivity Period through and including December 13, 2017.

5. On September 13, 2017, the Court entered an Order granting the Second Exclusivity Extension Motion [Docket No. 424].

6. On September 26, 2017, the Debtors filed their chapter 11 plans of reorganization and liquidation for Montco Offshore, Inc. ("MOI") and Montco Oilfield Contractors, LLC

("MOC"), respectively, [Docket No. 439] (the "Plan") and a disclosure statement in connection therewith [Docket No. 440] (the "Disclosure Statement").

7. On October 6, 2017, the Court entered an order [Docket No. 470] conditionally approving the Debtors' Disclosure Statement, and permitting the Debtors to commence solicitation of the Plan. The Court set the Debtors' solicitation and notice date for October 10, 2017, with confirmation hearing scheduled for November 13, 2017.

8. On October 12, 2017, the Debtors filed their third *Motion for Entry of an Order Extending Exclusivity Periods Pursuant to Bankruptcy Code Section 1121* [Docket No. 486] (the "Third Exclusivity Motion"), seeking to extend the Filing Exclusivity Period through and including November 13, 2017.

9. On November 6, 20176, the Court entered an order granting the Third Exclusivity Motion [Docket No. 554].

10. On November 13, 2017, the Debtors filed their fourth *Motion for Entry of an Order Extending Exclusivity Periods Pursuant to Bankruptcy Code 1121* [Docket No. 605] (the "Fourth Exclusivity Motion"), seeking an extension for the Filing Exclusivity Period from November 13, 2017 through and including December 13, 2017, and extending the Solicitation Exclusivity Period from December 13, 2017 through and including January 12, 2017.

11. On November 20, 2017, the Court continued the hearing on the Fourth Exclusivity Motion to November 29, 2017.

12. On November 24, 2017, the Debtors filed their *Emergency Motion for an Order (I) Approving (A) Bidding Procedures Governing Submission and Consideration of Competing Transactions, (B) Bid Protections, (C) Form and Manner of Notice of Sale Transaction and Sale Hearing, and (D) Assumption and Assignment Procedures for any Transferred Contracts; (II) (A) Scheduling and Authorizing Debtor to Conduct an Auction Pursuant to the Bidding*

*Procedures, and (B) Authorizing Debtor to Enter into the Purchase Agreement to Implement the Bidding Protections; (III) Authorizing (A) the Sale of the Purchased Assets Free and Clear of all Liens, Claim, Encumbrances, and other Interests, and (B) the Assumption and Assignment of any Transferred Contracts; and (IV) Granting Related Relief* [Docket No. 637] (the "<u>Sale Motion</u>"), seeking to sell all of MOI's assets.

## RELIEF REQUESTED

13. By this Motion, Oceaneering seeks entry of an order, pursuant to section 1121(d) of the Bankruptcy Code, substantially in the form annexed hereto as **Exhibit A,** terminating the Debtors' Solicitation Exclusivity Period, and denying the Debtors' Fourth Exclusivity Motion to allow other parties in interest to file and seek confirmation of a chapter 11 plan.

## BASIS FOR RELIEF

14. Section 1121(b) the Bankruptcy Code provides an initial period of 120 days after the commencement of the chapter 11 case during which a debtor has the exclusive right to file a chapter 11 plan. Section 1121(c)(3) of the Bankruptcy Code provides that if a debtor files a plan within the 120-day exclusive filing period, it has an exclusive period of 180 days from the petition date to obtain acceptances of its plan. A debtors' exclusivity is not absolute. Rather, section 1121(d)(1) of the Bankruptcy Code provides that the Court "may for cause reduce or increase the 120-day period or the 180-day period." 11 U.S.C. § 1121(d)(1).

15. The Bankruptcy Code does not define "cause." However, Courts use the following factors to determine whether cause exists to extend a debtor's exclusive plan filing period:

      **a.**    The size and complexity of the case;

      **b.**    The need for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

      **c.**    Whether the debtor has made progress in negotiations with its creditors;

      **d.**      The existence of good faith progress towards reorganization;

      **e.**      Whether the debtor is seeking to extend exclusivity to pressure creditors to accede to the debtors' reorganization demands;

      **f.**      Whether the debtor has demonstrated reasonable prospects for filing a viable plan;

      **g.**      The fact that the debtor is paying its bills as they become due;

      **h.**      The amount of time which has elapsed in the case; and/or

      **i.**      Whether an unresolved contingency remains.

*See, e.g.*, *In re New Millennium Mgmt., LLC*, No. 13-35719 (LZP), 2014 WL 792115, at *6 (Bankr. S.D. Tex. Feb. 25, 2014). Not all factors are relevant to every case. *See, e.g.*, *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996).

    16. As stated above, "cause" exists to terminate the Debtors' Solicitation Exclusivity Period, and denying the Debtors' Fourth Exclusivity Motion. To begin, as stated in the Debtors' Sale Motion, the Debtors are no longer seeking to confirm the Plan, and expect to file a liquidating plan for MOI. *See* Sale Motion at ¶ 7 and 13 ("MOI has concluded that it is no longer feasible to proceed with the Plan . . . MOI expects to simultaneously prepare and prosecute a liquidating plan for each of MOI and MOC"). This fact alone justifies ending the Solicitation Exclusivity Period, and denying the Debtors' Fourth Exclusivity Motion. The Debtors should not have the sole right to file a plan while at the same time selling all of the MOI's assets through an auction. As such, Oceaneering requests that this Court end the Solicitation Exclusivity Period, and deny the Debtors' Fourth Exclusivity Motion.

**EMERGENCY RELIEF REQUESTED**

    17. The Debtors' filed the Sale Motion on November 24, 2017, and the hearing on the Debtors' Fourth Exclusivity Motion was continued to November 29, 2017. As such, Oceaneering

has had limited time to file a Motion requesting this Court end the Solicitation Exclusivity Period, and denying the Debtors' Fourth Exclusivity Motion.

## CONCLUSION

18. Oceaneering respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, and grant such other and further relief to which the Debtors may be justly entitled.

Dated:  November 27, 2017  
Houston, Texas

Respectfully submitted,

**GARDERE WYNNE SEWELL LLP**

*/s/ David S. Elder*  
David S. Elder  
State Bar No. 06507700  
delder@gardere.com  
713-276-5750 (*direct dial*)  
713-276-6750 (*direct fax*)  
Sean T. Wilson  
State Bar No. 24077962  
swilson@gardere.com  
713-276-5619 (*direct dial*)  
713-276-6619 (*direct fax*)  
Gardere Wynne Sewell LLP  
1000 Louisiana, Suite 2000  
Houston, Texas 77002-2099

*Attorneys for Oceaneering International, Inc.*

## CERTIFICATE OF SERVICE

    I do hereby certify that on November 27, 2017 a true and correct copy of the foregoing pleading was served via CM/ECF to all parties authorized to receive electronic notice in these cases.

                                      */s/ Sean T. Wilson*
                                      Sean T. Wilson