IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 17-31646 |
| MONTCO OFFSHORE, INC., *et. al.* § | |
| § | CHAPTER 11 |
| Debtors. § | (Jointly Administered) |
| § | |

**MERIT ENERGY COMPANY'S, W&T OFFSHORE, INC.'S, AND MCMORAN OIL & GAS, LLC'S OBJECTION TO EMERGENCY MOTION OF DEBTOR MONTCO OFFSHORE, INC. FOR AN ORDER (I) APPROVING (A) BIDDING PROCEDURES GOVERNING SUBMISSION AND CONSIDERATION OF COMPETING TRANSACTIONS, (B) BID PROTECTIONS, (C) FORM AND MANNER OF NOTICE OF SALE TRANSACTION AND SALE HEARING, AND (D) ASSUMPTION AND ASSIGNMENT PROCEDURES FOR ANY TRANSFERRED CONTRACTS; (II) (A) SCHEDULING AND AUTHORIZING DEBTOR TO CONDUCT AN AUCTION PURSUANT TO THE BIDDING PROCEDURES, AND (B) AUTHORIZING DEBTOR TO ENTER INTO THE PURCHASE AGREEMENT TO IMPLEMENT THE BIDDING PROTECTIONS; (III) AUTHORIZING (A) THE SALE OF THE PURCHASED ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, AND (B) THE ASSUMPTION AND ASSIGNMENT OF ANY TRANSFERRED CONTRACTS; AND (IV) GRANTING RELATED RELIEF**

Merit Energy Company ("Merit"), W&T Offshore, Inc. ("W&T"), and McMoRan Oil & Gas, LLC ("McMoRan") file this objection to the *Emergency Motion of Debtor Montco Offshore, Inc. for an Order (I) Approving (A) Bidding Procedures Governing Submission and Consideration of Competing Transactions, (B) Bid Protections, (C) Form and Manner of Notice of Sale Transaction and Sale Hearing, And (D) Assumption and Assignment Procedures for Transferred Contracts; (II) (A) Scheduling And Authorizing Debtor to Conduct An Auction Pursuant to the Bidding Procedures, And (B) Authorizing Debtor to Enter Into the Purchase Agreement to Implement the Bidding Protections; (III) Authorizing (A) The Sale of the Purchased Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, and*

1

*(B) the Assumption and Assignment of Any Transferred Contracts; and (IV) Granting Related Relief* ("Bidding Procedures Motion") (D.I. 637) as follows:

## I.    INTRODUCTION

1.    Montco Offshore, Inc.'s ("MOI") Bidding Procedures Motion indicates MOI has now scrapped its pending plan process in favor of a sale process.  MOI does not disclose key aspects of the proposed stalking horse transaction.  This lack of disclosure extends to an apparent MOI liquidating plan that has not been filed.  As with their prior objections, Merit, W&T, and McMoRan do not oppose the concept of a sale process *per se*, but MOI is not proceeding on a clean slate. Parties in interest should have time to evaluate who the acquiring party is and how a sale and plan will work together instead of facing an emergency sale process with serious information gaps following months of work to obtain disclosure for MOI's prior plan process.

## II.    OBJECTIONS

2.    Merit, W&T, and McMoRan object to the Bidding Procedures Motion due to the lack of adequate information and disclosure regarding certain aspects of the sale and contemplated plan process.  While Merit, W&T, and McMoRan continue to review MOI's filings, these issues include:

   a. MOI has failed to demonstrate an emergency justifying an end-run around the plan process through an expedited sale.  Rather, MOI should prepare its plan and proceed with a sale and plan process on normal notice to creditors.

   b. MOI's Bidding Procedures Motion omits certain key documentation and disclosure of information central to their reworked process.  This lack of disclosure includes:

       i. MOI fails to describe the Claims Assignment Agreement (*see* D.I. 637 ¶ 28).

       ii. MOI fails to explain the identity of the stalking horse purchaser as well as what happened with the 30% interest that equity was to receive under the prior MOI plan. (*See* D.I. 637 ¶ 22). MOI instead explains that ". . . existing equity will not receive any percentage interest in the buyer". (D.I. 637 ¶ 32).

       iii. MOI does not discuss benefits, if any, to insiders or otherwise explain how equity will be treated or whether the same treatment of various aspects of the prior financial structure will be maintained under this transaction. MOI should explain the change in structure and the implications for equity and insiders.

c. MOI explains that it "expects to simultaneously prepare and prosecute a liquidating plan for each of MOI and MOC . . ." (D.I. 637 ¶ 13), but the MOI plan has not been filed.[1] Absent a concurrently-running plan process, parties cannot evaluate the implications of the sale, which has the trappings of a *sub rosa* plan. MOI filed the Bidding Procedures Motion expressly because it believed it faced risk attempting to confirm its prior plan.

## IV.   RESERVATION OF RIGHTS

Merit, W&T, and McMoRan reserve all rights with respect to any amended or supplemented Bidding Procedures Motion, any plan process in connection with this case, any all claims they may assert, and all rights in connection with Adversary No. 17-03249.

---

[1] The Asset Purchase Agreement broadly describes certain MOI plan components but contains no real disclosure or description of plan terms. (D.I. 645, APA at 36 – 39).

**WHEREFORE,** Merit, W&T and McMoRan pray that the Court sustain this Objection, and grant such other relief as may be just and proper.

Dated:  December 1, 2017                              Respectfully submitted,

                                         */s/ Philip G. Eisenberg*
                                         Philip G. Eisenberg
                                         Texas Bar No. 24033923
                                         LOCKE LORD LLP
                                         600 Travis Street, Suite 2800
                                         Houston, Texas 77002
                                         Telephone: 713-226-1200
                                         Facsimile: 713-223-3717
                                         Email: peisenberg@lockelord.com

                                         Omer F. Kuebel, III
                                         Federal Bar No. 32595
                                         Bradley C. Knapp
                                         Texas Bar No. 24060101
                                         LOCKE LORD LLP
                                         601 Poydras St., Suite 2660
                                         New Orleans, Louisiana 70130
                                         Telephone: 504-558-5100
                                         Facsimile: 504-558-5200
                                         Email: rkuebel@lockelord.com
                                         Email: bknapp@lockelord.com
                                         Email: nobankecf@lockelord.com

                                         **COUNSEL FOR MERIT ENERGY**
                                         **COMPANY, W&T OFFSHORE, INC.,**
                                         **ANDMCMORAN OIL & GAS, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading was served by electronic transmission via the Court's ECF system to all parties authorized to receive electronic notice in this case on December 1, 2017.

*/s/ Philip G. Eisenberg*
Philip G. Eisenberg

NO:0561915/00032:192623v3