IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 17-31646 |
| MONTCO OFFSHORE, INC., *et al.*,[1] | § | |
| | § | Chapter 11 |
| Debtors. | § | |
| | § | (Jointly Administered) |

**REPLY BRIEF OF DEBTORS (I) IN SUPPORT OF DEBTORS' MOTION FOR
ENTRY OF AN ORDER EXTENDING EXCLUSIVITY PERIODS PURSUANT TO
BANKRUPTCY CODE SECTION 1121; AND (II) IN RESPONSE  TO (A) EMERGENCY
MOTION OF OCEANEERING INTERNATIONAL, INC. FOR ENTRY OF
ORDER PURSUANT TO 11 U.S.C. § 1121(d) TERMINATING DEBTORS'
EXCLUSIVE PERIOD TO FILE CHAPTER 11 PLAN AND SOLICIT
ACCEPTANCES THEREOF; (B) JOINDER OF BOLLINGER FOURCHON,
LLC; AND (C) JOINDER OF ODYSSEA MARINE, INC.**

**TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:**

Debtors Montco Offshore, Inc. ("MOI") and Montco Oilfield Contractors, LLC ("MOC"

and, together with MOI, the "Debtors"), each a debtor and debtor-in-possession in the above-

captioned chapter 11 cases, by and through their counsel, Drinker Biddle & Reath LLP and DLA

Piper LLP (US), hereby submit this reply brief (the "Response") (i) in support of Debtors'

Motion for Entry of an Order Extending Exclusivity Periods Pursuant to Bankruptcy Code

Section 1121 [ECF No. 605] (the "Fourth Exclusivity Motion"); and (ii) in response to (a) the

Emergency Motion of Oceaneering International, Inc. ("Oceaneering") for entry of order

pursuant to 11 U.S.C. § 1121(d) terminating Debtors' exclusive period to file chapter 11 plan and

solicit acceptances thereof [ECF No. 639] (the "Motion"); (b) Joinder of Bollinger Fourchon,

LLC ("Bollinger") to the Motion [ECF No. 644] ("Bollinger Joinder"); and (c) Joinder of

---

[1]   The Debtors in these chapter 11 cases, together with the last four (4) digits of each Debtor's federal tax
identification number, are Montco Offshore, Inc. (1448) and Montco Oilfield Contractors, LLC (9886).  The
mailing address for the Debtors, solely for the purposes of notices and communications, is 17751 Hwy 3235,
Galliano, Louisiana 70354.

Odyssea Marine, Inc. ("Odyssea") to the Motion [ECF No. 646] ("Odyssea Joinder").  In support of this Response, the Debtors respectfully state as follows:

## GENERAL BACKGROUND

1.      On November 13, 2017, the Debtors filed the Fourth Exclusivity Motion, seeking entry of an order extending the period during which the Debtors have the exclusive right to (a) file a chapter 11 plan (the "Filing Exclusivity Period") from November 13, 2017 through and including December 13, 2017, and (b) solicit a plan filed during the Filing Exclusivity Period (the "Solicitation Exclusivity Period" and, together with the Filing Exclusivity Period, the "Exclusivity Periods") from December 13, 2017 through and including January 12, 2018.

2.      The hearing on the Fourth Exclusivity Motion is scheduled for December 4, 2017.

3.      On November 27, 2017, Oceaneering filed the Motion, seeking an order denying the Fourth Exclusivity Motion and terminating the Solicitation Exclusivity Period.

4.      On November 28, 2017, Bollinger filed the Bollinger Joinder.

5.      On November 28, 2017, the Debtors filed their *Notice of Withdrawal of Debtors' Plan and Disclosure Statement* [ECF No. 641], in which the Debtors withdrew, without prejudice, chapter 11 plans of reorganization and liquidation for Montco Offshore, Inc. and Montco Oilfield Contractors, LLC, respectively [ECF No. 439] (together, and as amended, the "Plan") and a disclosure statement in connection therewith [ECF No. 440] (as amended, the "Disclosure Statement").

6.      On November 29, 2017, Odyssea filed the Odyssea Joinder.

## RESPONSE

7.      Section 1121(b) of the Bankruptcy Code establishes an initial period of 120 days after the commencement of a chapter 11 case during which only a debtor may file a plan and an

additional 60-day period during which only the debtor may solicit votes for a plan, both of which are subject to extension subject to the Court's authority. The Debtors' Fourth Exclusivity Motion should be granted, and Oceaneering's Motion should be denied, in order to allow the Debtors to pursue the proposed sale process without being forced to shift estate resources toward the review of (and potential objections to) competing plans.

8.      Section 1121(d)(1) of the Bankruptcy Code permits a court to extend or reduce a debtor's exclusivity "for cause." 11 U.S.C. § 1121(d)(1). Oceaneering, Bollinger and Odyssea have failed to demonstrate that "cause" exists to terminate the Exclusivity Periods. The sole argument offered by Oceaneering, Bollinger and Odyssea in support of their request is that the Debtors are no longer seeking to confirm the Plan and are instead pursuing a sale of MOI's assets. Neither Oceaneering, Bollinger nor Odyssea provide any support for their bald assertion that the debtor's pursuit of a sale pursuant to section 363 of the Bankruptcy Code and liquidating plan warrants termination of exclusivity. Rather than delay emergence for an unknown time and engage in what may be protracted and expensive litigation on the merits of the asserted maritime lien claims, the Debtors have concluded that they have no viable alternative other than to sell all or substantially all of MOI's assets free and clear of liabilities pursuant to section 363 of the Bankruptcy Code. Although the transactions contemplated under the since-withdrawn Plan previously reflected the Debtors' preferred path forward, MOI's current financial position compels the immediate sale of MOI's assets as the only viable means to maximize the value of MOI.

9.      In connection with the proposed sale process and the simultaneous preparation of liquidating plans for both MOI and MOC, the Debtors are continuing to engage with additional key stakeholders to address outstanding issues and seek to reach a consensual resolution on a

path forward. The Debtors need all of their professionals' resources focused on reaching such a resolution.  The filing of a competing plan, or plans, at this critical juncture would only distract the Debtors and divert resources away from sale-related matters.  Reviewing and potentially objecting to a competing plan while negotiating issues related to the proposed sale process and liquidating plans is not in any stakeholder's interests, and would only be detrimental to the outcome of these cases.

10.    The Debtors have worked diligently over the past few months to maximize the value of their assets and the Debtors have coordinated extensively with their major stakeholders. Following the November 8 Ruling, the proposed sale process represents the best and *only* viable path forward.  By way of the Fourth Exclusivity Motion, the Debtors seek a modest (and final) extension of the Exclusivity Periods.  After the proposed sales process concludes, the Debtors will work with all of their constituents to reach a consensus on a value-maximizing liquidating plan for the benefit of the Debtors' remaining creditors.  Exclusivity should be maintained so parties with competing interests do not hinder the Debtors' efforts to finalize this value-maximizing solution.

11.    In conclusion, a consideration of the relevant factors demonstrates that the Debtors are doing everything that they should and can be doing as chapter 11 debtors in possession to facilitate a successful and expedient conclusion to these chapter 11 cases.  In contrast, Oceaneering, Bollinger and Odyssea cannot establish any "cause" to terminate the Exclusivity Periods.  Accordingly, the Debtors respectfully submit that the Fourth Exclusivity Motion should be granted and that Oceaneering's Motion should be denied.

## NOTICE

12.     Notice of this Response will be given by overnight courier delivery to:  (a) the Office of the United States Trustee for the Southern District of Texas; (b) counsel to the Committee; (c) counsel to Oceaneering; (d) counsel to Bollinger; (e) counsel to Odyssea; and (f) all parties who have requested notice under Bankruptcy Rule 2002.  The Debtors submit that, under the circumstances, no other or further notice is required.

WHEREFORE, the Debtors respectfully requests that the Court grant the Fourth Exclusivity Motion, deny the Motion and grant such other and further relief to which the Debtors may justly be entitled.

Dated:  December 1, 2017  
        Dallas, Texas

**DRINKER BIDDLE & REATH LLP**

By: */s/ Vincent P. Slusher*  
    Vincent P. Slusher (State Bar No. 00785480)  
    1717 Main Street, Suite 5400  
    Dallas, Texas 75201  
    Telephone: (469) 357-2500  
    Facsimile: (469) 327-0860  
    vince.slusher@drinkerbiddle.com

    -and-

**DLA PIPER LLP (US)**

    Daniel M. Simon (admitted *pro hac vice*)  
    David E. Avraham (admitted *pro hac vice*)  
    444 W. Lake Street, Suite 900  
    Chicago, Illinois 60606-0089  
    Telephone: (312) 368-4000  
    Facsimile: (312) 236-7516  
    daniel.simon@dlapiper.com  
    david.avraham@dlapiper.com

    *Attorneys for the Debtors*