IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>**MONTCO OFFSHORE INC**, *et al.*[1]<br><br>DEBTORS.<br><br>────────────────────────<br>**DREW MCMANIGLE, AS LIQUIDATING TRUSTEE OF THE LIQUIDATING TRUST FOR MONTCO OILFIELD CONTRACTORS, LLC.**<br><br>Plaintiff,<br><br>v.<br><br>**TETRA APPLIED TECHNOLOGIES, LLC,**<br><br>Defendant. | Case No. 17-31646 (MI)<br><br>(Chapter 11)<br><br>(Jointly Administered)<br><br><br><br>Adversary No. 19-03355<br><br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL ANSWER

**NOW COMES** Tetra Applied Technologies, LLC (hereinafter referred to as "Tetra" or the "Defendant"), and files this answer to Drew McManigle Liquidating Trustee of the Liquidating Trust for Montco Oilfield Contractors, LLC's, (the "Plaintiff") *Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547 and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502* (the "Complaint"), avers as follows:

## ANSWER TO COMPLAINT

Subject to the defenses and affirmative defenses submitted herein, Tetra denies each and every allegation contained within the Complaint, except those allegations specifically admitted

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Montco Offshore, Inc. (1448) and Montco Oilfield Contractors, LLC (9886). The mailing address for the Debtors, solely for the purposes of notices and communications, is: 17751 Hwy 3235, Galliano, Louisiana 70354.

herein. With regard to the specific paragraphs of the Complaint, Tetra answers and avers as follows:

## I.     NATURE OF THE CASE

1. The Defendant admits to the averments in paragraph 1 of the Complaint.

2. The Defendant admits to the averments in paragraph 2 of the Complaint.

## II.     JURISDICTION AND VENUE

3. The Defendant denies the averments in paragraph 3 of the Complaint.

4. The Defendant admits the averments in paragraph 4 of the Complaint.

5. The Defendant denies the averments in paragraph 5 of the Complaint.

6. The Defendant denies the averments in paragraph 6 of the Complaint.

7. The Defendant denies the averments in paragraph 7 of the Complaint. The Defendant does not consent to the bankruptcy court issuing final orders in this matter at this time.

## III.     PROCEDURAL BACKGROUND

8. The Defendant admits to the averments in paragraph 8 of the Complaint.

9. The Defendant admits to the averments in paragraph 9 of the Complaint.

10. The Defendant admits to the averments in paragraph 10 of the Complaint.

## IV.     THE PARTIES

11. The Defendant admits to the averments in paragraph 11 of the Complaint.

12. The Defendant admits to the averments in paragraph 12 of the Complaint.

## V. FACTUAL BACKGROUND

13. The Defendant admits that it received certain payments from the Debtor during the Preference Period. The exact dates and amounts referenced are denied at this time.

14. The Defendant denies the averments in paragraph 14 of the Complaint.

## VI. COUNT 1

15. The Defendant incorporates all previous paragraphs as if fully re-alleged herein.

16. The Defendant admits to the averments in paragraph 16 of the Complaint.

17. The Defendant denies the averments in paragraph 17 of the Complaint.

18. The Defendant denies the averments in paragraph 18 of the Complaint.

19. The Defendant denies the averments in paragraph 19 of the Complaint.

20. The Defendant denies the averments in paragraph 20 of the Complaint.

21. The Defendant denies the averments in paragraph 21 of the Complaint.

22. The Defendant denies the averments in paragraph 22 of the Complaint.

23. The Defendant denies the averments in paragraph 23 of the Complaint.

## VII. COUNT II

24. The Defendant incorporates all previous paragraphs as if fully re-alleged herein.

25. The Defendant denies the averments in paragraph 25 of the Complaint.

26. The Defendant denies the averments in paragraph 26 of the Complaint.

## VIII. COUNT III

27. The Defendant incorporates all previous paragraphs as if fully re-alleged herein.

28. The Defendant denies the averments in paragraph 28 of the Complaint.

29. The Defendant denies the averments in paragraph 29 of the Complaint.

30. The Defendant denies the averments in paragraph 30 of the Complaint.

31. The Defendant denies the averments in paragraph 31 of the Complaint.

## IX.    AFFIRMATIVE DEFENSES

32. All previous paragraphs are incorporated herein by reference.

33. All elements of a prima facie case under 11 U.S.C. §§ 547 and 550 are not met.

34. Assuming, without conceding, that all of the elements of a prima facie case under 11 U.S.C. § 547(b) can be met, any and all transfers that the Defendant received are immune from avoidance pursuant to 11 U.S.C. § 547(c). Certain of the § 547(c) defenses are more specifically defined below.

35. **Contemporaneous Exchange of New Value**. At the time each Transfer was made, the Defendant held an oil and gas lien pursuant to Texas, or other relevant state lien law. Upon receipt of each Transfer, the Defendant released its statutory lien rights. These releases were contemporaneous with each Transfer. As such, each Transfer is excepted from avoidance pursuant to the new value defense set forth in 11 U.S.C. § 547(c)(1).

36. **Inchoate Lien/Contemporaneous Exchange**. At the time the Defendant received each Transfer, the Defendant was eligible to perfect its liens under the oil and gas lien provisions of Texas, or other relevant state lien law. Pursuant to these statutes, the Defendant had liens on Montco's and each working interest owners' (the "WIOS") oil and gas wells, leases and related equipment to secure the Defendant's right of payment for labor and materials that Defendant provided with respect to those properties. Upon being paid, the Defendant released its statutory lien rights against each WIOS with respect to those amounts, which, in turn, caused each WIOS to release its right to seek indemnification against Montco. These releases were contemporaneous with each Transfer. As such, each Transfer is excepted from avoidance, pursuant to the new value defense set forth in 11 U.S.C. § 547(c)(1).

37. **Ordinary Course.** By way of further affirmative defense, Plaintiff may not avoid the Transfer by virtue of 11 U.S.C. § 547(c)(2)(A) & (B) because the transfer was in payment of debt incurred by Montco in the ordinary course of business and financial affairs of Montco and the Defendant, and each Transfer was (i) made in the ordinary course of business or financial affairs of Montco and the Defendant and (ii) made according to ordinary business terms.

38. **Subsequent New Value**. By way of further affirmative defense, Plaintiff may not avoid the Transfers by virtue of 11 U.S.C. § 547(c)(4) because the Transfers were to or for the benefit of the Defendant, who gave new value to or for the benefit of Montco after the payments, and such new value was not secured by an otherwise unavoidable security interest, and on account of which new value Montco did not make an otherwise unavoidable transfer to or for the benefit of the Defendant.

39. **11 U.S.C. §547(c)(6)**. By way of further affirmative defense, Plaintiff may not avoid the Transfers by virtue of 11 U.S.C. §547(c)(6) because the Plaintiff, or a debtor-in-possession, may not avoid a transfer under § 547 that is the fixing of a statutory lien that is not avoidable under § 545 of this title. This includes transfers that preclude the imposition of such liens.

## X.     RESERVATION

40. Defendant reserves the right to file additional, amended and/or supplemental Answers, Third-Party Complaints, Counterclaims and/or Cross Claims, additional affirmative defenses and/or other matters constituting avoidance such as the facts of this matter may later disclose and require.

## XI.     JURY DEMAND

41. The Defendant hereby demands a trial by jury on all matters so triable.

## XII. PRAYER

**WHEREFORE**, PREMISES CONSIDERED, Defendant prays that the Plaintiff's claims be dismissed with prejudice and with costs and attorney's fees awarded to the Defendant to the extent available, and that the Court order such other and further relief as the Court deems just and proper.

Dated: April 2, 2019

Respectfully submitted,

**DORÉ LAW GROUP, P.C.**

By: */s/ Maria M. Bartlett*
Maria M. Bartlett
State Bar No. 24087147
Zachary S. McKay
State Bar No. 24073600
17171 Park Row, Suite 160
Houston, Texas 77084
(281) 829-1555
(281) 200-0751 Fax
Email: mbartlett@dorelawgroup.net
Email: zmckay@dorelawgroup.net

*Attorneys for Tetra Applied Technologies, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2019, a true and correct copy of the foregoing was served by the Court's Electronic Case Filing System to all parties registered or otherwise entitled to receive electronic notices.

*/s/ Maria M. Bartlett*
Maria M. Bartlett