IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MONTCO OFFSHORE INC., *et al.*[1] | ) | Case No. 17-31646 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**RESPONSE TO LIQUIDATING TRUSTEE'S OBJECTION
TO OFFSHORE SPECIALTY FABRICATORS, LLC'S PROOFS OF CLAIM
(CLAIM NOS. 213 AND 214)**

David Weinhoffer, in his capacity as Liquidating Trustee of the Offshore Specialty Fabricators, LLC Liquidating Trust (the "OSF Trustee"), files this response to the *Objection to Offshore Specialty Fabricators, LLC's Proofs of Claim (Claim Nos. 213 and 214)* (the "Objection") filed by Drew McManigle (the "Montco Trustee") and would respectfully show the following:

**SUMMARY OF RESPONSE**

1. The OSF Trustee agrees that he has a claim against MOC in the amount of $11,080,763.29. But he does not agree that his claims against MOC and MOI are duplicative. The Montco Plan, prior treatment of creditors in this case, and Supreme Court precedent establish that OSF has two claims, one against each Debtor.

**LEGAL AUTHORITY**

2. "[I]t has been conclusively settled that an obligee of a bond or the holder of a claim upon which several parties are liable may prove its entire claim against the estate of any who become bankrupt and recover dividends calculated on the basis of such entire claim as it existed when the petition was filed, without regard to partial payments made by other obligators

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Montco Offshore, Inc. (1448) and Montco Oilfield Contractors, LLC (9886). The mailing address for the Debtors, solely for the purposes of notices and communications, is 17751 Hwy 3235, Galliano, Louisiana 70354.

until from all sources it has been paid in full." *In re Realty Assocs. Sec. Corp.*, 66 F. Supp. 416, 424 (E.D.N.Y. 1946); *see Ivanhoe Bldg. & Loan Ass'n of Newark, N.J. v. Orr*, 295 U.S. 243, 245-46 (1935); 2014 ANN. SURV. OF BANKR. LAW 7 ("Generally, when a claimant holds a claim with respect to which multiple parties are liable, the claimant may assert the entire claim, as it existed on the petition date, against the estate of each bankruptcy obligor and recover distributions from each obligors' estate on the basis of the full amount of the petition date claim."); *see also Washington Bancorporation v. FDIC (In re Washington Bancorporation)*, No. 90-00597, 1996 WL 148533, at *18 (D.D.C. Mar. 19, 1996) ("The principle applied by the court in this case is simply that a bankruptcy claim is not reduced or impaired by subsequent payments received from third party obligors until such claim has been satisfied in full.").

## ARGUMENT

**I.    Both MOI and MOC Are Liable on the Charter.**

3.    The Master Time Charter Agreement (the "Charter") at issue is between OSF and "Montco Oilfield Contractors, LLC, their affiliated, subsidiary, or interrelated companies, hereinafter collectively referred to as 'CHARTERER.'" *See* **Exhibit A**. There is no dispute that MOC is a wholly-owned subsidiary of MOI, making MOC and MOI interrelated. Therefore, MOC and MOI responsible for satisfying the payments obligations in the Charter.

**II.   OSF's Indemnification Claim Has Been Liquidated.**

4.    The OSF Trustee agrees with the Montco Trustee that Claim No. 214 against MOC should be reduced to $11,080,763.29.

**III.  OSF's Claims Are Not Duplicative.**

5.    OSF's Claims are not duplicative for several reasons. First, the Montco Plan does not substantively consolidate the MOC and MOI estate. Rather, it simply places general

unsecured creditors in consolidated classes. The consolidated classes reflect that the creditors are paid from the same pot of money. Notably, the Montco Plan does not state that this structure results in the extinguishing any claim for which both Debtors are liable.

6. Second, the treatment of creditors with multiple claims confirms OSF's position. The Court's order on the Montco Trustee's first omnibus objection allows the Texas Workforce Commission (the "TWC") to assert two claims (one against each debtor) for a debt on which both Debtors are liable. *See* ECF No. 878. OSF and the TWC are similarly situated and should receive the same treatment.

7. Third, the authorities cited above establish that a creditor can assert multiple claims against multiple debtor estates. The Bankruptcy Court for the Northern District of Texas considered a situation similar to this one in *In re Erickson*, Case No. 16-34393 (Bankr. N.D. Tex.). *See* ECF Nos. 724, 742, 745 & 757. There, a creditor had a deficiency claim against one debtor for which the other ten (10) debtors were guarantors. The debtors' plan paid creditors of all estates from a single pool of assets. The Erickson trustee objected to the 10 guaranty claims arguing they were duplicative because all creditors would be paid from a single pot of money. The creditor, however, argued that it could assert all 11 claims until it received payment in full. Judge Hale held that the creditor could assert all 11 claims based on the *Ivanhoe* decision.

8. Thus, as the Supreme Court has established in *Ivanhoe*, a creditor like OSF may assert its full claim as it existed as of the petition date against multiple obligated debtors.

**ADMISSIONS AND DENIALS**

9. In response to paragraph 1 of the Objection, the OSF Trustee denies that there is no contractual basis for the claim asserted against MOI. However, the OSF Trustee admits that the claim against MOC should be reduced to $11,080,763.29.

10. The OSF Trustee denies the allegations in paragraph 2 of the Objection.

11. The OSF Trustee denies that the Montco Trustee is entitled to the relief requested in paragraph 3 of the Objection.

12. The OSF Trustee admits the allegations in paragraph 4 of the Objection.

13. The OSF Trustee admits the allegations in paragraph 5 of the Objection.

14. The OSF Trustee admits the allegations in paragraph 6 of the Objection.

15. The OSF Trustee admits the allegations in paragraph 7 of the Objection.

16. The OSF Trustee admits the allegations in paragraph 8 of the Objection.

17. The OSF Trustee admits the allegations in paragraph 9 of the Objection.

18. The OSF Trustee admits the allegations in paragraph 10 of the Objection.

19. The OSF Trustee admits the allegations in paragraph 11 of the Objection.

20. The OSF Trustee admits the allegations in paragraph 12 of the Objection.

21. The OSF Trustee admits the allegations in paragraph 13 of the Objection.

22. The OSF Trustee admits the allegations in paragraph 14 of the Objection.

23. The OSF Trustee admits the allegations in paragraph 15 of the Objection.

24. The OSF Trustee admits the allegations in paragraph 16 of the Objection.

25. The OSF Trustee admits the allegations in paragraph 17 of the Objection.

26. The OSF Trustee denies the allegations in paragraph 18 of the Objection.

27. The OSF Trustee admits the allegations in paragraph 19 of the Objection.

28. The OSF Trustee denies the allegations in paragraph 20 of the Objection.

29. The OSF Trustee denies the allegations in paragraph 21 of the Objection.

30. The OSF Trustee denies the allegations in paragraph 22 of the Objection.

31. In response to paragraph 23 of the Objection, the OSF Trustee denies that the Erickson Case is distinguishable.

32. In response to paragraph 24 of the Objection, the OSF Trustee denies that the Erickson Plan differs in relevant, material respects from the Montco Plan.

33. The OSF Trustee denies the allegations in paragraph 25 of the Objection.

34. The OSF Trustee denies the allegations in paragraph 26 of the Objection.

35. Paragraph 27 of the Objection is a reservation of rights to which no response is required.

## **CONCLUSION**

WHEREFORE, the OSF Trustee respectfully requests that the Court deny the Montco Trustee's objection and grant any other relief to which the OSF Trustee may be entitled.

Dated: July 19, 2019

Respectfully submitted,

DIAMOND MCCARTHY LLP

*/s/ Charles M. Rubio*
Charles M. Rubio
TBA No. 24083768
So. District Bar No. 1305742
Michael D. Fritz
TBA No. 24083029
Two Houston Center
909 Fannin, 37th Floor
Houston, TX  77010
Telephone: (713) 333-5100
Facsimile: (713) 333-5199
crubio@diamondmccarthy.com
mfritz@diamondmccarthy.com

*Counsel for the OSF Trustee*

## CERTIFICATE OF SERVICE

I certify that on July 19, 2019, a true and correct copy of the foregoing was filed via the Court's CM/ECF system and served to all parties registered to receive notice via the Court's CM/ECF system.

                                                */s/ Charles M. Rubio*