IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 17-31646 |
| MONTCO OFFSHORE, INC., *et al.*,[1] | § | |
| | § | Chapter 11 |
| Debtors. | § | |
| | § | |

## LIQUIDATING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

**THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY**

Drew McManigle, as the Liquidating Trustee (the "Liquidating Trustee") of the Liquidating Trust for the Montco Oilfield Contractors, LLC ("MOC") estate, files this Motion for Summary Judgment (the "Motion") seeking the disallowance of Proof of Claim No. 213, which was filed by Offshore Specialty Fabricators, Inc. ("OSF") against Montco Offshore, Inc. ("MOI", and collectively with MOC, the "Debtors"), and the reduction of Proof of Claim No. 214 (collectively with Proof of Claim No. 213, the "Claims"), which was filed by OSF against MOI, to $11,080,763.29, and respectfully states:

## SUMMARY OF MOTION

1.     OSF filed Proof of Claim No. 213 on July 28, 2018, which asserts a general

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are Montco Offshore, Inc. (1448) and Montco Oilfield Contractors, LLC (9886).

unsecured claim against MOI for $9,622,888.21. The basis for OSF's claim is a Master Time Charter Agreement (the "Charter") that granted MOC the right to charter certain vessels owned by OSF. On June 19, 2019, the Liquidating Trustee objected to Proof of Claim No. 213 because (i) MOI had no contractual obligation to pay OSF and (ii) Proof of Claim No. 213 is duplicative of Proof of Claim No. 214 filed by OSF against MOC.

2.     Despite the fact that MOI is not a party to the Charter, OSF asserted in its Response (as defined below) that both MOC and MOI bear liability under the Charter. OSF's contention is incorrect as a matter of law because a reference in an agreement to "interrelated companies" does not create contractual liability for an entity that is not a party to the agreement. Because the Response simply pointed to the language in the Charter and did not present any new factual allegations in response to those asserted by the Liquidating Trustee in the Objection (as defined below), the Objection is ripe for summary judgment.

3.     The Liquidating Trustee also seeks an order reducing Proof of Claim No. 214 to $11,080,763.29 because OSF conceded in its Response that it "agrees with the Montco Trustee that Claim No. 214 against MOC should be reduced to $11,080,763.29." Response, ¶¶ 4, 9.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Under the *Amended Plan of Liquidation of Debtor Montco Oilfield Contractors, LLC Under Chapter 11 of the Bankruptcy Code* (the "Plan"), this Court retained jurisdiction over claim objections.

## BACKGROUND

5.     The Charter was entered into on June 2, 2016, between OSF as the owner and MOC as the charterer. The Charter is attached as **Exhibit A** to this Motion. Under the Charter,

MOC was granted the use of OSF's derrick barges the *William Kallop* and the *Swing Thompson*.

6.      On March 17, 2017, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

7.      On July 28, 2017, OSF filed Proof of Claim No. 213, which asserts a general unsecured claim against MOI arising from unpaid invoices of $9,622,888.21 and "a contingent unliquidated claim against the Debtors for any and all amounts awarded against OSF in *Montco Oilfield Contractors, LLC v. Offshore Specialty Fabricators, LLC, et. al.* Adversary Proceeding No. 17-3248, pending with this Court" (the "Adversary Proceeding").[2]

8.      On January 18, 2018, the Court entered its *Findings of Fact, Conclusions of Law, and Order Approving the Disclosure Statement and Confirming the Amended Plan of Reorganization of Debtor Montco Offshore, Inc. and the Amended Plan of Liquidation of Debtor Montco Offshore Contractors, LLC under Chapter 11 of the Bankruptcy Code* [Docket No. 784] (the "Confirmation Order"), which confirmed the Debtors' Plan. Under Article IV.O.4 of the Plan, the Liquidating Trustee was vested with the authority to, among other things, review and object to claims.

9.      On June 19, 2019, the Liquidating Trustee filed his *Objection to Offshore Specialty Fabricators, LLC's Proofs of Claim (Claim Nos. 213 and 214)* [Docket No. 1043] (the "Objection"). Subsequently, OSF filed its *Response to Liquidating Trustee's Objection to Offshore Specialty Fabricators, LLC's Proofs of Claim (Claim Nos. 213 and 214)* [Docket No. 1049] (the "Response").

## LEGAL STANDARD

10.     An objection to a proof of claim initiates a contested matter between the parties

---

[2] OSF voluntarily dismissed the Adversary Proceeding on June 6, 2017, after filing a *Notice of Voluntary Dismissal without Prejudice* [Case No. 17-03248; Docket No. 35]. Neither OSF nor the Liquidating Trustee has renewed or refiled a similar adversary proceeding.

and provides notice that "litigation is required to resolve the objection and to make a final determination on the allowance or disallowance of the claim." *In re Taylor*, 132 F.3d 256, 260 (5th Cir. 1998); *see also In re Today's Destiny, Inc.*, No. 05-90080, 2008 WL 5479109, at *8 (Bankr. S.D. Tex. Nov. 26, 2008) ("An objection to a proof of claim creates a contested matter."). As a contested matter, this dispute is governed by Rule 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), which incorporates Bankruptcy Rule 7056 and Rule 56 of the Federal Rules of Civil Procedure. *See* Fed. R. Bankr. P. 9014.

11.     "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To avoid summary judgment, an opposing party must identify a genuine dispute of material fact—one that could allow a reasonable fact finder to find for the non-moving party. *See, e.g., Gorman v. Verizon Wireless Tex., LLC*, 753 F.3d 165, 170 (5th Cir. 2014); *In re Ultra Petroleum Corp.*, 571 B.R. 755, 761 (Bankr. S.D. Tex. 2017). A court must consider the evidence in the light most favorable to the party opposing summary judgment, but "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden." *Bargher v. White*, 928 F.3d 439, 444 (5th Cir. 2019).

## ARGUMENT

12.     OSF's sole argument in response to the Liquidating Trustee's objection to Proof of Claim No. 213 on the basis that MOI has no contractual liability to OSF is that because the Charter referenced "interrelated companies," both MOC and MOI are responsible for satisfying the payment obligations in the Charter. *See* Response, ¶ 3.[3] However, the only entities that executed the Charter were MOC and OSF. Accordingly, as a matter of law the Liquidating Trustee is entitled to a judgment and order disallowing OSF's claim against MOI in its entirety.

---

[3] Paragraph 3 of the Response provides in relevant part that "[t]here is no dispute that MOC is a wholly-owned subsidiary of MOI, making MOC and MOI interrelated. Therefore, MOC and MOI responsible for satisfying the payments obligations in the Charter."

10348566v3

13.     Under Louisiana law,[4] "[t]he mere fact that two corporations are affiliated in some way (e.g. parent-subsidiary) does not mean that a contract with one of those corporations is a contract with the other." *Cable & Connector Warehouse, Inc. v. Omnimark, Inc.*, 700 S.2d 1273, 1276 (La. Ct. App. 1997); *see also Coleman v. Halcon Res. Corp.*, No. CV 6:15-2086, 2017 WL 2509151, at *8 (W.D. La. June 7, 2017) (same); *All. Distribution (pty), Ltd. v. Luv N' Care, Ltd.*, No. CIV.A. 05-1356, 2006 WL 1476121, at *3 (W.D. La. Mar. 27, 2006) ("Under Louisiana law, a corporate entity is a juridical person, the personality of which is 'distinct and distinguishable from that of its members.' La. C.C. Art. 24. A corporation remains a legal entity even though another corporation obtains all of its corporate stock.").

14.     In *Cable & Connector*, W.S. Bellows Construction Company contracted with Sandoz Group, Inc. ("Sandoz") to provide supplies for a construction project. 700 S.2d at 1274. Sandoz purchased the necessary materials from an affiliate named Omnimark, Inc. ("Omnimark") who had purchased the materials from Cable & Connector. *Id.* However, neither Omnimark nor Sandoz paid Cable & Connector for the materials it provided. *Id.* Cable & Connector attempted to hold Sandoz liable for the debt, rather than Omnimark, arguing that "Omnimark was simply a name under which the Sandoz Group was acting." *Id.* at 1276. The court affirmed the trial court's award of summary judgment to Sandoz because no contract existed between Sandoz and Cable & Connector, and Sandoz and Omnimark were two separate corporations. *Id.*

15.     Similarly, in this case the Charter was between OSF and MOC. As in *Cable & Connector*, MOC and MOI are separate entities. The fact that MOC entered into the Charter with OSF cannot bind MOI, as its parent, for the debts of its subsidiary. To hold otherwise would render corporate separateness meaningless.

16.     Accordingly, no genuine issue of material fact exists and the Liquidating Trustee

---

[4] MOI is a Louisiana corporation and MOC is a Louisiana limited liability company.

is entitled to judgment as a matter of law disallowing OSF's Claim against MOI.[5]

## CONCLUSION

The Liquidating Trustee respectfully requests that the Court grant its Motion and enter summary judgment in the Liquidating Trustee's favor and further relief as is appropriate in this matter.

**Dated: December 6, 2019**

<div style="margin-left:40%">

**PORTER HEDGES LLP**

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl
State Bar No. 24038592
M. Shane Johnson
State Bar No. 24083263
Porter Hedges LLP
1000 Main Street, 36th Floor
Houston, Texas 77002-2764
Telephone: (713) 226-6000
Facsimile: (713) 226-6295

**COUNSEL FOR DREW MCMANIGLE, LIQUIDATING TRUSTEE FOR THE MONTCO OILFIELD CONTRACTORS, LLC LIQUIDATING TRUST**

</div>

## CERTIFICATE OF SERVICE

I certify that on December 6, 2019, I caused a copy of the foregoing document to be served by the Electronic Case Filing System to all parties appearing in these cases and by first class mail to Jackson Walker LLP, Attn: Bruce Ruzinsky, 1401 McKinney, 19th Floor, Houston, TX 77010 and Diamond McCarthy, LLP, Attn: Charles M. Rubio and Michael D. Fritz, Two Houston Center, 909 Fannin Street, 37th Floor, Houston, TX 77010.

<div style="margin-left:40%">

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl

</div>

---

[5] The Liquidating Trustee reserves all rights with respect to his additional argument that the Claims are duplicative and the Plan substantively consolidated the Debtors' estates for purposes of distributions to Class 4 (General Unsecured Claims).

10348566v3