IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| MONTCO OFFSHORE, INC. *et al.*,[1] § | CASE NO. 17-31646 (MI) |
| § | |
| Debtors. § | CHAPTER 11 |
| § | |

**OCEANEERING INTERNATIONAL, INC.'S MOTION
TO ENFORCE PROVISIONS OF CONFIRMED CHAPTER 11 PLAN**

> **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**
>
> **Represented parties should act through their attorney.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

**Oceaneering International, Inc.** ("Oceaneering") files this Motion for the entry of an order compelling the Debtor, Montco Offshore, Inc. ("Montco" or the "Reorganized Debtor") to comply with the provisions of the Amended Plan of Reorganization (the "Plan") [Docket No. 740] that was confirmed by Order dated January 18, 2018 [Docket No. 784], and respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Montco Offshore, Inc. (1448) and Montco Oilfield Contractors, LLC (9886). The mailing address for the Debtors, solely for the purposes of notices and communications, is 17751 Hwy 3235, Galliano, Louisiana 70354.

## Summary of Relief Requested

1. In accordance with the confirmed Plan, substantially all of Montco's assets were contributed to a newly-formed entity called Falcon Global Holdings LLC ("Falcon Global"), in exchange for a 28% member interest (the "Common Units") in that new entity. A Liquidating Trustee was appointed, and the Plan provides that the claims in Class 3 (the "Other Secured Creditors", including Oceaneering) are to be paid first, from the free cash flow derived from the Common Units, After the Class 3 claims are paid in full, the general unsecured claims (Class 4) are to be paid. As of the date hereof, the Class 3 claims holders are still owed over $10 million. The Plan also provides that, if the Common Units were sold or exchanged under certain conditions (defined as a "Liquidating Event"), then the net proceeds – including "readily marketable securities" – are to be distributed to the Class 3 creditors. In March 2020, Montco exchanged the Common Units for 900,000 shares of stock issued by Seacor Marine Holdings, Inc. (the "Seacor Shares"). This exchange was a Liquidating Event as defined by the Plan, and the Seacor Shares constitute readily marketable securities. Despite inquiries by Oceaneering, Montco has taken no steps to distribute the Seacor Shares to the Class 3 creditors, or even explain how the Seacor Shares are to be registered. In addition, Montco is holding more than $1.1 million in cash; except for a small reserve, this cash should also be distributed to the Class 3 creditors. This Motion seeks the entry of an Order enforcing the terms of the Plan and compelling the distribution of the Seacor Shares, plus the cash held by Montco, to Oceaneering and the other Class 3 creditors *pro rata*.

2. **Jurisdiction**.  The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§157 and 1334, as well as under Article X ("*Retention of Jurisdiction*") of the confirmed Plan:

"Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court shall, after the Effective Date, retain such jurisdiction over the Chapter 11 Cases and with respect to all matters related to the Chapter 11 Cases, the Debtors, the Estates, all property of the Estates and the Plan as is legally permissible, including, without limitation, jurisdiction to: …

"6. enter such orders as may be necessary or appropriate to implement or consummate the provisions of the Plan and all other contracts, instruments, releases, indentures and other agreements or documents adopted in connection with the Plan or the Disclosure Statement;

"7. resolve any cases, controversies, suits or disputes that may arise in connection with the Effective Date, interpretation or enforcement of the Plan or any Entity's obligations incurred in connection with the Plan; …"

3. The statutory predicates for the relief requested herein are 11 USC §§105(a) and 1142, along with Federal Rule of Bankruptcy Procedure 9014 and Local Rule 9013.

4. Section 1142(a) of the Bankruptcy Code requires the debtor to carry out the confirmed plan.  Section 1142(b) empowers the Court to direct the debtor or any other necessary party to perform any act that is necessary for the consummation of the plan.  See *In re Riverside Nursing Home*, 137 B.R. 134, 138-39 (Bankr. S.D.N.Y. 1992).  Bankruptcy Rule 3020(d) authorizes the Court to "issue any order necessary to administer the estate."

5. **History of Case**.  Prior to the filing of Montco's bankruptcy case, Oceaneering and certain other trade vendors provided goods and services to vessels owned by Montco.  Montco failed to pay the remaining balances owed for these goods

and services. As a result, Oceaneering and those other trade vendors asserted maritime liens against those vessels.

6. Montco filed this Chapter 11 case on March 17, 2017. The Oceaneering and the other trade vendors filed proofs of claim, asserting their maritime liens.

7. On September 26, 2017, the Debtors filed their initial chapter 11 plans of reorganization and liquidation for Montco and its affiliate, Montco Oilfield Contractors, LLC [Docket No. 439] and a disclosure statement in connection therewith [Docket No. 440].

8. Montco also commenced an adversary proceeding styled *Montco Offshore, Inc. v. Alliance Energy Services, LLC; Oceaneering International, Inc.; C&G Welding, Inc.; and Aqueos Corporation*, Adv. Proc. No. 17-3402, objecting to the claims filed by Oceaneering and the other trade vendors, and seeking a declaration that their maritime liens were invalid. In response, Oceaneering and other creditors requested that their claims be estimated for purposes of voting.

9. Following a claims-estimation hearing on November 6-7, 2017, the Court ruled that the asserted maritime liens were valid. The parties agreed to mediate the terms of a plan of reorganization, and the mediation was successful. As revised, the Plan provides that (i) Oceaneering and the other vendors holding maritime liens would be classified in Class 3 ("*Other Secured Creditors*"), (ii) all of Montco's vessels would be contributed to a Falcon Global LLC, in exchange for the Common Units, and (iii) except for certain minor assets and proceeds of Chapter 5 recoveries, the Class 3 claims would

be paid in full, before any payments were made to the general unsecured creditors (Class 4). Drew McManigle is serving as Liquidating Trustee under the Plan.

10. In addition to the foregoing provisions, the Plan provides for the possibility that the Common Units might be sold or exchanged. In that event, the net proceeds from the transfer are to be distributed to the Class 3 creditors, until they have been paid in full. The applicable Plan definitions and provisions are as follows:

- Definition 24 [*Common Units*]: " 'Common Units' means equity units in [Falcon Global]"

- Definition 81 [*Liquidating Event*]: " 'Liquidating Event' means … (ii) any sale, lease, exchange, assignment, or other transfer, directly or indirectly, of all or substantially all of the equity interests in [Falcon Global], which transaction includes all or a portion of the Common Units held by the Reorganized Debtor …"

- Section III A(3)(b) [*Classification and Treatment of Claims*]: "… each Allowed Other Secured Claim [Class 3] … shall receive: … (y) in the event of the occurrence of a Liquidating Event, such holder's Pro Rata share (among holders of Allowed Class 3 Claims) of Net Cash Proceeds from such Liquidating Event from the Reorganized Debtor; ..."

- Definition 93 [*Net Cash Proceeds*]: "Net Cash Proceeds means … the aggregate Cash proceeds received by the Reorganized Debtor in respect of any Liquidating Event … ."[2]

- Definition 18 [*Cash*]: " 'Cash' means legal tender of the United States of America or the equivalent thereof, including bank deposits, checks and readily marketable securities or instruments issued by an Entity … ."

- Article XI (J) [*Further Assurances*]: "The Debtors, the Reorganized Debtor, the Creditors' Committee, the Liquidating Trustee, all holders of Claims and Equity Interests receiving Distributions hereunder and all other parties in interest shall, from time to time, prepare, execute and deliver any agreements or documents and take any other actions as may be necessary or

---

[2] The definition of Net Cash Proceeds goes on to state that the amount will be "net of (a) direct costs of the Reorganized Debtor relating to such Liquidating Event, including reasonable legal, accounting and investment banking fees, and sales commissions, and (b) taxes paid … ." However, Oceaneering is not aware of any such fees, commissions, or taxes.

<span style="color:red">advisable to effectuate the provisions and intent of the Plan</span> or the Confirmation Order."

11. The Class 3 creditors have received some distributions from a tax refund and the sale proceeds of some non-core assets. However, aggregate remaining balance owed to the Class 3 creditors is more than $10 million.

12. In March 2020 – with only two days' advance notice to Oceaneering – Montco exchanged its Common Units for the Seacor Shares. This exchange constitutes a "Liquidating Event" as defined by the Plan. Because the common stock of Seacor Marine Holdings is traded on the NYSE [ticker symbol SMHI], the Seacor Shares are "readily marketable securities" within the meaning of the Plan's definitions of "Cash" and "Net Cash Proceeds." A copy of the Seacor Marine press release announcing this exchange is attached hereto as Exhibit A.

13. In connection with the issuance of these shares, Montco and Seacor Marine Holdings also signed a Registration Rights Agreement, requiring the Seacor Shares to be registered with the Securities Exchange Commission ("SEC"). As contemplated by that Registration Rights Agreement, Seacor Marine Holdings filed an S-3 Registration Statement with the SEC on May 15, 2020. A copy of this S-3 Registration Statement is attached hereto as Exhibit B.

14. Subsection 4(b) of Article IV (L) of the Plan provides that Montco should first pay the Net Cash Proceeds of a Liquidating Event to the Liquidating Trust, which would then distribute those Net Cash Proceeds in accordance with the Plan:

> "(b) The Reorganized Debtor shall pay to the Liquidating Trust (if, when and solely to the extent that the Reorganized Debtor has sufficient Available Cash

therefor) all of the Net Cash Proceeds actually received by the Reorganized Debtor … in connection with any Liquidating Event … ."

Because of this provision, the applicable Order should require the Liquidating Trustee to cooperate with the distribution of the Seacor Shares to the Class 3 creditors.

15. Separately, in addition to the Seacor Shares, Montco is currently holding over $1.1 million in cash. *See* Monthly Operating Report for 1st Quarter 2020 [Docket No. 1064]. Montco no longer has any business operations, so this cash (except perhaps for a small reserve) should also be distributed to the Class 3 creditors.

### Request for Relief

16. Oceaneering respectfully requests that the Court enter an Order compelling Montco – and to the extent necessary, the Liquidating Trustee – to distribute the Seacor Shares and the $1.1 million cash held by Montco to Oceaneering and the other Class 3 creditors *pro rata*; and to grant such other and further relief to which Oceaneering may be justly entitled.

Dated: May 20, 2020　　　　　　　　　　Respectfully submitted,
Houston, Texas

　　　　　　　　　　　　　　　　　　　/s/ David S. Elder
　　　　　　　　　　　　　　　　　　　David S. Elder
　　　　　　　　　　　　　　　　　　　State Bar No. 06507700
　　　　　　　　　　　　　　　　　　　dselder@foley.com
　　　　　　　　　　　　　　　　　　　713-276-5750 (*direct dial*)
　　　　　　　　　　　　　　　　　　　713-276-5555 (*fax*)
　　　　　　　　　　　　　　　　　　　Foley & Lardner LLP
　　　　　　　　　　　　　　　　　　　1000 Louisiana, Suite 2000
　　　　　　　　　　　　　　　　　　　Houston, Texas 77002-2099

　　　　　　　　　　　　　　　　　　　*Attorneys for Oceaneering International, Inc.*

## CERTIFICATE OF CONFERENCE

On May 1, 2020, I emailed counsel for both Montco Offshore, Inc. and the Liquidating Trustee, requesting a conference call to discuss the exchange of Montco's member interest in Falcon Global for shares of Seacor Marine, the fact that the exchange was a Liquidating Event under the Plan, and the procedure for selling or distributing the Seacor shares. Although counsel for the Liquidating Trustee advised me that he was available for that conference call, I have not received any response from counsel for Montco.

*/s/ David S. Elder*
David S. Elder

## CERTIFICATE OF SERVICE

I do hereby certify that on May 20, 2020 a true and correct copy of the foregoing pleading was served via CM/ECF to all parties authorized to receive electronic notice in these cases.

*/s/ David S. Elder*
David S. Elder